1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11 | WILFREDO MENDEZ-FANA,                     ) Case No.: 1:14-cv-00994-JLT
                                              )
12 |     Petitioner,          ) ORDER GRANTING RESPONDENT'S MOTION
                                              ) TO DISMISS (Doc. 9)
13 |     v.                   )
                                              ) ORDER DISMISSING THE PETITION FOR WRIT
14 | MICHAEL L. BENOV, Administrator,          ) OF HABEAS CORPUS (Doc. 1)
                                              )
15 |     Respondent.         ) ORDER DIRECTING CLERK OF COURT TO
                                              ) ENTER JUDGMENT AND CLOSE FILE
16 |                                          )
17 |                                          ) NO CERTIFICATE OF APPEALABILITY IS
                                              ) REQUIRED
18 |

19       Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas

20 corpus pursuant to 28 U.S.C. § 2241. On July 3, 2014, Petitioner filed his written consent to the

21 jurisdiction of the Magistrate Judge.  (Doc. 5).  On September 2, 2014, Respondent filed a similar

22 written consent.  (Doc. 7).

23                          **PROCEDURAL HISTORY**

24       The instant petition was filed on June 25, 2014, challenging the validity of a prison disciplinary

25 hearing on the grounds that the hearing was conducted by and a decision rendered by an employee of

26 the privately-run prison rather than by an employee of the Bureau of Prisons ("BOP") .  (Doc. 1).  On

27 July 2, 2014, the Court ordered Respondent to file a response to the petition.  (Doc. 4).   On September

28 2, 2014, Respondent filed the instant motion for motion to dismiss the petition as moot, contending

                                             1

1   that Petitioner has been released from prison and is no longer in the custody of the BOP.  (Doc. 5).

2   Petitioner has filed no opposition to the motion to dismiss.

3   **DISCUSSION**

4        The case or controversy requirement of Article III of the Federal Constitution deprives the

5   Court of jurisdiction to hear moot cases.  Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104

6   S.Ct. 373, 374-75 (1983); N.A.A.C.P., Western Region v. City of Richmond, 743 F.2d 1346, 1352

7   (9th Cir. 1984).  A case becomes moot if the "the issues presented are no longer 'live' or the parties

8   lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481 (1982).  The

9   Federal Court is "without power to decide questions that cannot affect the rights of the litigants before

10  them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v.

11  Hayworth, 300 U.S. 227, 240-241 (1937).

12       Here, the instant petition requests that the custody credits forfeited as a result of the

13  disciplinary hearing be restored because the hearing was unauthorized.  (Doc. 1, p. 9).  In the

14  Declaration of Nellie T. Klein, attached to Respondent's motion to dismiss, uncontroverted evidence is

15  presented that, on August 21, 2014, Petitioner was released from the custody of the BOP and is no

16  longer confined at Taft Correctional Institution.  (Doc.9, Ex. 1, Decl. of Nellie T. Klein, p. 2).

17  Because the only relief sought by Petitioner was restoration of forfeited custody credits that would

18  expedite his release from custody, and because Petitioner has now been released from Respondent's

19  custody, there is no further relief this Court can provide to Petitioner.  Hence, no case or controversy

20  exists and the claim raised in the instant petition is now moot.  Accordingly, Respondent's motion to

21  dismiss will be granted and the petition will be dismissed as moot.

22       Moreover, the plain language of 28 U.S.C. § 2253( c)(1) does not require a certificate of

23  appealability because this is an appeal from an order denying a petition for writ of habeas corpus

24  pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention

25  complained of arises out of process issued by a State court.  Forde v. U.S. Parole Commission, 114

26  F.3d 878 (9th Cir. 1997); see Ojo v. INS, 106 F.3d 680, 681-682 (5th Cir. 1997); Bradshaw v. Story, 86

27  F.3d 164, 166 (10th Cir. 1996).

28  ///

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1.  Respondent's motion to dismiss (Doc. 9), is GRANTED;

2.  The petition for writ of habeas corpus (Doc. 1), is DISMISSED as MOOT;

3.  The Clerk of the Court is DIRECTED to enter judgment and close the file; and,

4.  No certificate of appealability is required.


IT IS SO ORDERED.

Dated:    **October 9, 2014**                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE

3